## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:**<br><br>HECTOR MONTERO ENCARNACION<br>Debtor(s)<br><br>_____<br><br>FIRSTBANK PUERTO RICO<br>Movant<br>v.<br>HECTOR MONTERO ENCARNACION<br>JOSE RAMON CARRION MORALES,<br>CHAPTER 13 TRUSTEE<br>Respondent(s) | CASE NO.    10-07586 (BKT)<br><br>CHAPTER    13<br><br><br><br>11 USC 362 (d)<br><br>Request for relief from stay |

## MOTION FOR RELIEF FROM STAY

TO THE HONORABLE COURT:

COMES NOW secured creditor FIRSTBANK PUERTO RICO represented by the undersigned attorney who respectfully set forth and prays:-

### I.
### JURISDICTION

1.  The Court has jurisdiction over the subject matter pursuant to the provisions of 28 U.S.C. section 1334 and section 157 (b)(2)(G).

### II.
### CAUSE OF ACTION

2.  This contested matter is brought pursuant to Bankruptcy Rules 9014, 4001, and Section 362 of the Bankruptcy Code.

3.  FIRSTBANK PUERTO RICO is a secured creditor in the above captioned case and the holder in due course of a two due mortgage notes encumbering the following property:-

--URBANA: Predio de terreno localizado en el Barrio Torrecilla Baja, Sector Piñones del término municipal de Loiza, Puerto Rico, con una cabida superficial de 0.2103 cuerdas, equivalentes a 826.6062 metros cuadrados. En lindes por el NORTE, con la parcela A y B pertenecientes a Rafael Quiñones Bulerín; por el SUR, con la Carretera Estatal 187; por el ESTE, con terrenos pertenecientes a la familia Nieves Ayala; y por el OESTE, con terrenos pertenecientes a Pablo Gelabert. Ubica sobre el antes descrito inmueble una estructura de una planta dedicado a Colmado y Salón de Belleza. ---------------------------------------------------------------------------------------
---Consta inscrito al folio 241 del tomo 124 de Loíza, FINCA #9106, Registro de la Propiedad, Sección III de Carolina.---------------------------------------------------------

4.      With respect to Movant's Mortgage, the following is due and owing as of the date of the petition:

| | | |
|---|---|---|
| Account Number: | 261245 | |
| Balance owed: | | 282,923.51 |
| Principal | | 267,790.94 |
| Interest | | 20,990.35 |
| Late Charges | | 879.82 |
| Attorneys Fees | | 2,800.00 |
| Pre-Petition Arrears | | |
| & Other Charges | | 291,448.15 |
| | | |
| CLAIM AMOUNT | | 291,448.15 |
| ARREARS | | 291,448.15 |

5.      A proof of claim was properly executed and timely filed. Accordingly, it carries a presumption of validity by virtue of F.R.B.P. 3001(f). Unless it is challenged by a proper objection, it is automatically allowed pursuant to F.R.B.P. 5202(a).

6.      The indebtedness is a commercial credit facility. A judicial foreclosure proceeding has been forestalled in two different occasions, within the same year, for reason of Debtor's bankruptcy filing. (See previous case 10-04559 BKT 13)

7.    Since the instant proceeding was filed, Debtor has failed to maintain direct payments with creditor, thus considerably increasing the indebtedness on account of the commercial loan. As of the date of the filing of this Motion, three monthly installments of $1,828.23 have accrued, plus late charges each of $79.98, plus attorneys fees and the filing fee of this motion valued for not less than $600.00; for an aggregate post-petition default of $6,324.64, plus any other arrears that continue to accrue up to the date that all post-petition arrears are paid.

## RELIEF FROM STAY

8.    That section 362(d) of the Bankruptcy Code (the "Code"), 11 U.S.C. § 362(d)(1) provides the cause of action for relief from the automatic stay as requested:

> "(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay
>
> 1.  For cause, including the lack of adequate protection of an interest in property of such party in interest; or
> 2.  With respect to a stay of an act against property under subsection (a) of this section, if-
> A)  The debtor does not have an equity in such property; and
> B)   Such property is not necessary to an effective reorganization."

9.    This Honorable Court has statutory discretion to lift the automatic stay if cause is proven. Debtor's failure to adequately protect the interest of the appearing secured creditor is reason enough to provide the requested remedy.

10.    As per the facts of the case, Debtor is benefiting from the automatic stay while not protecting the appearing creditor's interest in the collateral. To the date, the records of the Commercial Loan Department of First Bank Puerto Rico shows that Debtor has failed to comply with all post-payments, said default deprives Movant to have its security interest protected as provided under the Bankruptcy Code.

11.     Movant argues that considering what is here in stated, cause exist for granting relief from stay pursuant to section 362 (d) supra.

WHEREFORE, Movant prays for an Order granting Relief from the Automatic Stay as requested.

**Included as** Exhibit (A), **is Movant Verified Statement regarding the information required by the Service Member Civil Relief Act of 2003 and a Department of Defense Manpower Data Center Military Status Report.**

CERTIFICATE OF SERVICE

I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **JOSE M PRIETO CARBALLO** JPC LAW OFFICE PO BOX 363565 SAN JUAN, PR 00936-3565, counsel for the Debtor; through certified mail to the following non-CM-ECF participants: HECTOR MONTERO ENCARNACION, HC 01 BOX 7557 LOIZA, PR 00772; and by class mail to other parties in interest as per the attached master address list.

In San Juan, Puerto Rico, on the 27th day of October 2010.

W&B LAW OFFICES, P.S.C.<br>
American Airlines Building<br>
1509 Lopez Landron, 10th Floor<br>
San Juan, PR  00911<br>
Tel. 787-607-4041<br>
<em>/s/Carlos R. Hernandez-Vivoni</em><br>
Carlos R. Hernandez-Vivoni, Esq.<br>
USDC PR 221609<br>
E-Mail: chernandez@wblawpr.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | CASE NO.    10-07586 (BKT) |
| HECTOR MONTERO ENCARNACION | |
| Debtor(s) | CHAPTER    13 |
| | |
| FIRSTBANK PUERTO RICO | 11 USC 362 (d) |
| Movan | |
| v. | |
| HECTOR MONTERO ENCARNACION | Request for relief from stay |
| JOSE RAMON CARRION MORALES, | |
| CHAPTER 13 TRUSTEE | |
| Respondent(s) | |

## DECLARATION UNDER PENALTY OF PERJURY FOR DEFAULT JUDGEMENT PURSUANT TO SECTION 201 (B) (4) OF THE SERVICE MEMBERS CIVIL RELIEF ACT OF 2003

I, Carlos R. Hernandez-Vivoni, declare under penalty of perjury that according to the enclosed certification, provided by the Department of Defense Manpower Data Center (DMDC), Debtor is not in active military duty or in the military service and does not fall within the Service Member Civil Relief Act of 2003.

In San Juan, Puerto Rico, this 27th, day of October, 2010.

*/s/Carlos R. Hernandez Vivoni*

Department of Defense Manpower Data Center

Oct-27-2010 10:35:05



Military Status Report
Pursuant to the Service Members Civil Relief Act

| <span style="color:blue">◄</span>**Last Name** | **First/Middle** | **Begin Date** | **Active Duty Status** | **Active Duty End Date** | **Service Agency** |
|---|---|---|---|---|---|
| MONTERO ENCARNACION | HECTOR | Based on the information you have furnished, the DMDC does not possess any information indicating the individual status. | | | |

Upon searching the information data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the current status of the individual as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard).

*Mary M. Snavely-Dixon*

---

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
1600 Wilson Blvd., Suite 400
Arlington, VA 22209-2593

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Service Members Civil Relief Act (50 USC App. §§ 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual is on active duty, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via the "defenselink.mil" URL http://www.defenselink.mil/faq/pis/PC09SLDR.html. If you have evidence the person is on active duty and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. §521(c).

If you obtain additional information about the person (e.g., an SSN, improved accuracy of DOB, a middle name), you can submit your request again at this Web site and we will provide a new certificate for that query.

This response reflects **active duty status** including date the individual was last on active duty, if it was within the preceding 367 days. For historical information, please contact the Service SCRA points-of-contact.

*More information on "Active Duty Status"*

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d)(1) for a period of more than 30 consecutive days. In the case of a member of the National Guard, includes service under a call to active service authorized by the President or the Secretary of Defense for a period of more than 30 consecutive days under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy TARs, Marine Corps ARs and Coast Guard RPAs. Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps) for a period of more than 30 consecutive days.

*Coverage Under the SCRA is Broader in Some Cases*

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of SCRA extend beyond the last dates of active duty.

Those who would rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected.

WARNING: This certificate was provided based on a name and SSN provided by the requester. Providing an erroneous name or SSN will cause an erroneous certificate to be provided. Report ID:NLPI87SHML

# HATO REY TITLE INSURANCE AGENCY, INC

MCS PLAZA, OFFICE 809
255 PONCE DE LEON AVENUE
HATO REY, PUERTO RICO 00917

TELEPHONE: (787) 274-1200
FAX: (787) 753-5081
FAX: (787) 759-8055

**10-08402**

NOTICE

"NUESTRA RESPONSABILIDAD POR ERRORES, OMISIONES O NEGLIGENCIA COMETIDA EN EL PROCESO DE INVESTIGACIÓN, RECOPILACIÓN DE INFORMACIÓN Y/O EN LA REDACCIÓN DE ESTUDIOS DE TÍTULO ESTÁ LIMITADA A LA CANTIDAD PAGADA POR EL ESTUDIO DE TÍTULO. PARA MAYOR PROTECCIÓN LE RECOMENDAMOS QUE ADQUIERA UN SEGURO DE TÍTULO Y UNA CERTIFICACIÓN REGISTRAL".

| | |
|---|---|
| CLIENTE: | W&B LAW OFFICES, PSC. |
| SOLICITADO POR: | LCDO. CARLOS R. HERNÁNDEZ VIVONI |
| NOMBRE DEL CASO: | HECTOR MONTERO ENCARNACIÓN / 1026.0005 |
| FINCA: | 9106, inscrita al folio 241 del tomo 124 de Loíza. |
| | Registro de la Propiedad, Sección III de Carolina. |

## DESCRIPCIÓN:

URBANA: Predio de terreno localizado en el Barrio Torrecilla Baja, Sector Piñones del término municipal de Loíza, Puerto Rico, con una cabida de 0.2103 cuerdas, equivalentes a 826.6062 metros cuadrados. En lindes por el Norte, con la parcela A y B pertenecientes a Rafael Quiñones Bulerín; por el Sur, con la Carretera Estatal 187; por el Este, con terrenos pertenecientes a la familia Nieves Ayala; y por el Oeste, con terrenos pertenecientes a Pablo Gelabert. Ubica sobre el antes descrito inmueble una estructura de una planta dedicado a Colmado y Salón de Belleza.

TRACTO: Se inmatriculó por Expediente de Dominio.

DOMINIO: Consta inscrita a favor de HECTOR MONTERO ENCARNACIÓN, soltero, quien adquiere por compra a MIGUEL ANGEL RIVERA ROSARIO, soltero, por el precio de $268,000.00, mediante la escritura 68 otorgada en San Juan el 2 de julio de 2009 ante el notario Ernesto A. Meléndez Pérez, inscrita al folio 216 del tomo 222 ágora de Loíza, inscripción 5ta. (25/244)

## GRAVÁMENES:

Por su procedencia está afecta a: LIBRE DE CARGAS

Por sí está afecta a:

HIPOTECA en garantía de un pagaré a favor del Portador, o a su orden, por la suma de $245,00.00 con intereses al 12% anual y vencedero a la presentación, mediante la escritura 55 otorgada en San Juan el 19 de febrero de 2005 ante el notario Ernesto L. Polo Meléndez, presentada el 20 de junio de 2005 e inscrita el 2 de abril de 2009 al folio 215 del tomo 222 ágora de Loíza, inscripción 4ta. (558/225)

HIPOTECA en garantía de un pagaré a favor del Portador, o a su orden, por la suma principal de $23,000.00 con intereses al 12% anual y vencedero a la presentación, según la escritura 69 otorgada en San Juan el 2 de julio de 2009 ante el notario Ernesto A. Meléndez Pérez, inscrita al folio 216 del tomo 222 ágora de Loíza, inscripción 6ta. y última. (26/244)

**REVISADOS: Libro de Sentencias, Embargos Federales, Embargos Estatales, Registro de Gravámenes creado por la Ley 12 del 20 de enero del 2010 y Bitácora hasta 26/244. Hoy 10 de mayo del 2010.**

**NOTA: Debido al Sistema de Bitácora Electrónica utilizado en esta Sección, no podemos certificar que exista algún documento adicional relacionado con esta finca. Este documento es para uso exclusivo e intransferible de la Institución solicitante.**

IR

# PAGARE

VALOR: **$23,000.00**

VENCIMIENTO: **A LA PRESENTACION**

    **POR VALOR RECIBIDO,** a su vencimiento, pagaré(mos) solidariamente a la orden de(l) **Portador** la suma principal de **VEINTITRES MIL DOLARES ($23,000.00)** con intereses sobre el balance a razón del **doce por ciento (12%)** anual desde la fecha de este Pagaré hasta su total y completo pago. Los intereses sobre esta obligación se pagarán por mensualidades vencidas debiendo efectuarse el pago de intereses y de principal en el domicilio del tenedor de este Pagaré.

    Me(nos) obligo(obligamos) igualmente a pagar las costas y honorarios de abogado de que se valga el tenedor de este Pagaré en caso de cobro por la vía judicial, fijando con tal fin como suma líquida la cantidad equivalente al **diez por ciento (10%)** del principal de este Pagaré, cuya suma será exigible por el sólo hecho de la radicación o fuere sometido a cualquier procedimiento provisto por el Código de Quiebras Federal.

    Se renuncia por la presente a los derechos de presentación, protesto, demanda y aviso.

    El pago de la obligación evidenciada por este Pagaré está garantizada por hipoteca constituida según escritura Número  -69-  otorgada el día  -2- de julio de 2009 ante el(la) Notario Ernesto A. Meléndez Pérez.

    En San Juan, Puerto Rico, a  -2-  de julio de 2009.

_HECTOR MONTERO ENCARNACION_

Afidávit Número: _____40514_____

    Reconocido y suscrito ante mí en San Juan, Puerto Rico, hoy día -2- de julio de 2009 por el(la)(los) arriba firmante(s), a quien(es) doy fe de conocer personalmente y quien(es) es(son): mayor de edad, soltero, propietario y vecino de Loíza, Puerto Rico.

_NOTARIO PÚBLICO_

## PAGARE

San Juan, Puerto Rico                                        2 de julio de 2009

VALOR: **$268,000.00**

POR VALOR RECIBIDO, el(los) suscribiente(s) ("Deudor") se obliga(n) a pagar al FirstBank Puerto Rico, o a su orden la suma principal de **DOSCIENTOS SESENTA Y OCHO MIL DOLARES ($268,000.00)** con intereses sobre el balance insoluto del principal desde la fecha de este Pagaré hasta su total y completo pago a razón de **Siete y Un Cuarto por ciento (7.25%)** anual. Dicho principal y sus intereses serán pagaderos en la oficina del FirstBank Puerto Rico en el número 1519 de la Avenida Ponce de León, Parada 23, Santurce, Puerto Rico, o en cualquier otro lugar que el tenedor de este Pagaré indique por escrito, en sesenta (60) plazos mensuales y consecutivos el primer (1er) día de cada mes comenzando en septiembre de 2009, hasta que se pague totalmente la deuda evidenciada por el presente, excepto que la deuda restante, si no antes pagada, quedará vencida y pagadera en el día primero del mes de agosto del año 2014.

Los primeros **cincuenta y nueve (59) plazos** para principal e intereses serán en la cantidad de **MIL OCHOCIENTOS VEINTIOCHO DOLARES CON VEINTITRES CENTAVOS ($1,828.23)** y el último plazo, o sea, el número sesenta (60), por la suma de **DOSCIENTOS CINCUENTA Y TRES MIL DOSCIENTOS TREINTA Y TRES DOLARES CON CUARENTA CENTAVOS ($253,233.40)**, de no efectuarse un prepago parcial antes de su vencimiento.

Nos obligamos a pagar al Banco en esta fecha, por concepto de gastos de financiamiento, la suma de **DOS MIL SEISCIENTOS OCHENTA DOLARES ($2,680.00)**, cual suma no será reembolsable, total o parcialmente, bajo circunstancia alguna.

El Deudor pagará al tenedor de este Pagaré un cargo por pago tardío equivalente a Cinco Por Ciento (5%) de cualquier plazo mensual que no sea recibido por el tenedor de este Pagaré dentro de quince (15) días a partir de la fecha de vencimiento de dicho plazo.

El Deudor, o cualquier persona o ente que asuma el pago de la obligación evidenciada por este Pagaré o quede obligado bajo los términos del mismo, podrá pagar por anticipado la totalidad o parte del balance insoluto de principal. Sin embargo, si el pago total o parcial por anticipado se efectuara durante los primeros cinco (5) años desde la fecha de este Pagaré, con dineros tomados a préstamo, el Deudor, o cualquier persona o ente que asuma el pago de la obligación evidenciada por este Pagaré o quede obligado bajo los términos del mismo, satisfará al tenedor de este Pagaré una indemnización computada sobre el balance del principal pagado por adelantado equivalente al tres por ciento (3%).

Cualquier pago por anticipado parcial será aplicado contra el principal insoluto y no pospondrá la fecha de vencimiento de cualquier plazo mensual subsiguiente, a menos que el tenedor de este Pagaré consienta por escrito. Cualquier pago por anticipado parcial tampoco reducirá el importe de los plazos mensuales.

Si cualquier plazo mensual bajo este Pagaré no es pagado cuando venza y permanece impagado luego de una fecha o término a especificarse en notificación al Deudor, la suma total de principal pendiente de pago e intereses acumulados sobre la misma quedarán inmediatamente vencidos y pagaderos a opción del tenedor de este Pagaré. El término a especificarse no será menor de treinta (30) días contados a partir de la fecha de envío por correo de dicha notificación. El tenedor de este Pagaré podrá ejercitar esta opción de aceleración en caso de cualquier incumplimiento del Deudor no

**Pagaré**

empece cualquier indulgencia de morosidad anterior. De radicarse procedimiento judicial para el cobro de este Pagaré, su tenedor tendrá derecho a cobrar en dicho procedimiento la suma pactada y líquida de **Diez Por Ciento (10%)** de la suma original de principal de este Pagaré para cubrir las costas y gastos de dicho procedimiento, incluyendo, pero sin limitarse a, honorarios de abogado.

El tenedor de este pagaré, a su opción, podrá declarar vencida la obligación evidenciada por el mismo y exigir su inmediato pago, sin necesidad de requerimiento de pago, protesto o aviso de clase alguna, a los cuales derechos renuncia el Deudor, en ocasión de ocurrir cualesquiera de los supuestos de incumplimiento que a continuación se detallan: (1) falta de pago de cualquier suma bajo este pagaré o cualquier otra obligación del Deudor para con su tenedor conforme los términos acordados para ello; (2) si cualquier representación o garantía hecha o dada por el Deudor en cualquier contrato o cualquier certificación o informe suministrado al tenedor de este pagaré en relación con o conducente a la transacción evidenciada por este pagaré resultare falsa o resultare que fue hecha o prestada con intención fraudulenta; (3) el fracaso en los negocios, disolución o terminación de la existencia del Deudor; (4) la radicación de cualquier petición en quiebra por o en contra del Deudor o el(los) Garantizador(es), o en caso de que cualquier procedimiento bajo la Ley de Quiebras o bajo cualquier Ley del Congreso relacionado con el alivio de deudores fuese comenzando para el alivio o reajuste de cualquier obligación del Deudor y/o cualquier garantizador o fiador del mismo (el "Garantizador"), bien por reorganización, composición, arreglo, extensión o en otra forma; (5) si el Deudor o el(los) Garantizador(es) hiciese(n) una cesión para beneficio de sus acreedores o se acogiese(n) a los beneficios de cualquier ley relacionada con la insolvencia; (6) o el nombramiento en cualquier momento de un síndico de los activos o parte de los activos del Deudor o del(de los) Garantizador(es); (7) se emita una orden de embargo o de ejecución contra cualquier activo del Deudor y dicha orden no sea cancelada o afianzada con diligencia; (8) el incumplimiento por el Deudor de cualquier obligación de pago que tuviere con una persona o ente que no fuese el tenedor de este pagaré y que tal incumplimiento diere margen a que dicha persona o entre acelere el vencimiento de la obligación que fuere y exija su pago de inmediato; (9) el incumplimiento por parte de el(los Garantizador(es) de la obligación de éste(os) según los términos de las garantías suscritas por éstos a favor del tenedor de este pagaré, o que dichas garantías sean consideradas ineficaces por cualquier razón o que el(los) Garantizador(es) revoque(n) o niegue(n) responsabilidad alguna bajo la(s) misma(s); (10) la propiedad inmueble o mueble, si alguna, garantizando directa o colateralmente el pago de la obligación evidenciada por este pagaré, fuese enajenada sin el previo consentimiento por escrito de su tenedor y (11) que los gravámenes creados por los documentos e instrumentos otorgados en relación con la obligación evidenciada por este pagaré, salvo establecido en sus términos y condiciones, cesen de constituir un gravamen válido, perfecto y exigible sobre los activos o derechos a los cuales grava y tal condición persista por treinta (30) días desde su notificación al Deudor por el tenedor de este pagaré sin el Deudor haber tomado acción alguna o haber procedido diligentemente para remediar tal situación.

En este acto se renuncian los derechos de presentación, aviso de rechazo y protesto por todos los otorgantes, fiadores, garantizadores y endosantes de este Pagaré. Este Pagaré constituye una obligación solidaria de todos sus otorgantes, fiadores, garantizadores y endosantes y les obliga, así como a sus herederos, representantes personales, sucesores y cesionarios. Cualquier notificación al Deudor estipulada en este Pagaré deberá ser enviada por correo certificado dirigida al Deudor a la dirección de la Propiedad que mas adelante se indica en este Pagaré, o a cualquier otra dirección que el Deudor designe mediante notificación al tenedor de este Pagaré. Cualquier notificación al tenedor de este Pagaré deberá ser enviada por correo certificado a la dirección indicada en este Pagaré o a cualquier otra dirección que se le haya notificado al Deudor.

Pagaré

El pago de la deuda evidenciada por este Pagaré está garantizado colateralmente por pagaré(s) hipotecario(s) descrito(s) en el Contrato de Constitución de Garantía Prendaria otorgado por el Deudor a favor del Acreedor en esta misma fecha y el incumplimiento de las condiciones de la(s) hipoteca(s) que garantizan el pago de el(los) pagaré(s) hipotecario(s) objeto de dicho Contrato de Constitución de Garantía Prendaria constituiría un incumplimiento bajo los términos de este Pagaré.

**El que suscribe reconoce que el monto del pago mensual estipulado en este Pagaré, contempla el repago del principal e intereses de la obligación evidenciada por este Pagaré en trescientos (300) plazos mensuales.**

**EN TESTIMONIO DE LO ANTERIOR**, el Deudor suscribe este Pagaré en la fecha y lugar consignados anteriormente.

HECTOR MONTERO ENCARNACION

Carretera Estatal 187 - Km. 5.4
Barrio Torrecilla Baja
Loíza, Puerto Rico

Afidávit Número: _____40513_____

Reconocido y suscrito ante mí en San Juan, Puerto Rico, hoy día 2 de julio de 2009, por la(s) siguiente(s) persona(s), a quien(es) doy fe de conocer personalmente: Héctor Montero Encarnación, mayor de edad, soltero, propietario y vecino de Loíza, Puerto Rico.

NOTARIO PUBLICO

**FIRSTBANK PUERTO RICO**
Santurce, Puerto Rico

Señores:

En Garantía del adeudo por **$268,000.00** del que suscribe para con ustedes, los intereses sobre los mismos, así como en garantía de toda deuda, presente o futura, incluyendo intereses sobre las mismas que nosotros podamos tener con ustedes, así como en garantía del pago de cualquier obligación o responsabilidad nuestra para con ustedes, directa o contingente, vencida o por vencer, o por cualquier otro concepto, constituimos a favor de **FirstBank Puerto Rico** un gravamen mobiliario sobre y entregamos a **FirstBank Puerto Rico**, la propiedad que se describe a continuación, la cual representamos y garantizamos no está sujeta a gravamen alguno y es de nuestra exclusiva propiedad:

<u>Descripción</u>

a)  Pagaré hipotecario a la orden del Portador, por la suma de **$245,000.00**, con vencimiento a su presentación, autenticado bajo el afidávit número --57-- del Notario Ernesto L. Polo Meléndez y fechado 19 de febrero de 2005.

b)  Pagaré hipotecario a la orden del Portador, por la suma de **$23,000.00**, con vencimiento a su presentación, autenticado bajo el afidávit número 40514-- del Notario Ernesto A. Meléndez Pérez y fechado -2- de julio de 2009.

El presente gravamen se constituye conforme a las disposiciones de las leyes del Estado Libre Asociado de Puerto Rico.

En San Juan, Puerto Rico, a -2- de julio de 2009.

_____
HECTOR MONTERO ENCARNACION

Afidávit Número: _____40515_____

Reconocido y suscrito ante mí en San Juan, Puerto Rico, hoy día -2- de julio de 2009, por el arriba firmante, quien es mayor de edad, soltero, propietario y vecino de Loíza, Puerto Rico, a quien doy fe de conocer personalmente.

NOTARIO PUBLICO

------------- NUMERO SESENTA Y NUEVE -------------

-------------------- HIPOTECA --------------------

--- En la ciudad de San Juan, Estado Libre Asociado de Puerto Rico, a los dos (2) ----------

----------- día(s) del mes de julio del año dos mil nueve (2009). ----------------------------

-------------------- ANTE MI --------------------

--- **ERNESTO A. MELENDEZ PEREZ**, Abogado y Notario Público de esta Isla de Puerto Rico, con residencia y vecindad en Dorado, Puerto Rico y estudio abierto en San Juan, Puerto Rico. --------

-------------------- COMPARECE --------------------

--- La parte nombrada en el **Hecho Decimotercero** de esta escritura, denominada en lo sucesivo, el **DEUDOR HIPOTECANTE**. ----------------------------

----------------- EXPONE Y OTORGA ----------------

--- PRIMERO: Manifiesta el Deudor Hipotecante que es dueño en pleno dominio del inmueble descrito en el **Hecho Decimocuarto** de esta escritura, (en lo sucesivo **"el Inmueble Hipotecado"**), o del(de los) derecho(s) allí especificado(s) a o sobre el Inmueble Hipotecado. ----------------------------

--- SEGUNDO: El Deudor Hipotecante ha suscrito en esta fecha ante el(la) fedatario un pagaré (en adelante **"el Pagaré"**), por la suma principal de **VEINTITRES MIL DOLARES ($23,000.00)**, devengando intereses al **doce por ciento (12%)** anual, a la orden del **Portador**, (el Acreedor Hipotecario), cual Pagaré se transcribe en el **Hecho Décimo** de esta escritura. ----------------------------------



--- TERCERO: Con el propósito de garantizar el pago total y completo de la deuda que evidencia el Pagaré así como el cumplimiento de todas y cada una de las condiciones que el mismo contiene, así como las que contiene esta escritura, y para garantizar además (i) un crédito adicional para intereses equivalente a cinco (5) anualidades de intereses computados sobre el principal del Pagaré al tipo de interés allí fijado; (ii) un crédito adicional equivalente al **DIEZ PORCIENTO (10%)** del principal del Pagaré que se fija para otros adelantos que pueda efectuar el Acreedor Hipotecario conforme los términos de esta escritura; y (iii) un crédito adicional equivalente al **DIEZ PORCIENTO (10%)** del principal del Pagaré que el Deudor Hipotecante se obliga a satisfacer como suma líquida para costas, gastos y honorarios de abogado de que se valga el tenedor del Pagaré en caso de reclamación judicial bajo el mismo y/o ejecución de la hipoteca que por ésta se constituye, incluyendo procedimientos voluntarios o involuntarios bajo el Código Federal de Quiebras, el Deudor Hipotecante constituye a favor del Acreedor Hipotecario HIPOTECA VOLUNTARIA sobre el Inmueble Hipotecado, cual hipoteca se hace extensiva e incluye todas las rentas, edifica-ciones, maquinarias y frutos del Inmueble Hipote-cado, así como a toda mejora, construcción o nueva edificación que se introduzca en el Inmueble Hipo-tecado, no empece el hecho de que dichas mejoras, construcciones o nuevas edificaciones fueren hechas por un tercer poseedor del mismo, ya que es condición esencial de esta hipoteca que esas posibles futuras mejoras y/o edificaciones hechas por un posible tercer poseedor y los frutos



pendientes existentes, quedan automáticamente gravadas con la hipoteca aquí constituida, como si las mismas hubiesen sido hechas o construidas por el Deudor Hipotecante o existieran mientras el dueño de la propiedad era el Deudor Hipotecante, debiendo constituir esta cláusula un claro y formal aviso al tercer poseedor, o a cualquier otra persona que causahubiere su título o derecho del Deudor Hipotecante. -------------------------

--- CUARTO: El Deudor Hipotecante se compromete y obliga a asegurar y mantener asegurada(s) la(s) edificación(es) que enclava(n) en el Inmueble Hipotecado por las cantidades y contra los riesgos que determine el Acreedor Hipotecario. La póliza o pólizas que se extiendan a favor del Deudor Hipotecante quedarán afectadas desde ese momento como garantía colateral a favor del Acreedor Hipotecario, bajo la cláusula uniforme de endoso hipotecario ("Standard Mortgage Clause"), con facultad suficiente para poder éste cobrar en caso de siniestro la correspondiente indemnización e imputarla al pago del principal y los intereses del Pagaré. -------------------------------------

--- QUINTO: El Acreedor Hipotecario podrá decla-rar vencida la obligación evidenciada por el Pagaré y proceder a su cobro y a la ejecución de la hipoteca constituida por la presente escritura en garantía de su pago, sin necesidad de requerimiento o notificación extrajudicial, considerándose el Deudor Hipotecante en mora desde el momento de surgir u ocurrir cualesquiera de los siguientes supuestos: -------------------------

----- A) Si el Deudor Hipotecante faltare al pago de todas o cualesquiera de sus obligaciones bajo el Pagaré, en la forma y manera que en el mismo se dispone o incumpliere con cualquiera de los térmi-



nos y condiciones dispuestos en la presente escri-
tura. -------------------------------------------
----- B) Si dejare de pagar a su vencimiento, las
contribuciones impuestas sobre el Inmueble Hipote-
cado, o las que puedan imponerse sobre el mismo. -
----- C) Si se radicare cualquier petición de
quiebra por o en contra del Deudor Hipotecante
bajo el Código Federal de Quiebras o bajo
cualquier otra legislación federal o estatal
relacionada con el alivio de deudores, o si el
Deudor Hipotecante hiciese una cesión para
beneficio de sus acreedores o se acogiese a los
beneficios de cualquier ley relacionada con la
insolvencia, o si se nombrase en cualquier momento
un síndico de los bienes o parte de los bienes del
Deudor Hipotecante. ------------------------------
----- D) Si el Deudor Hipotecante dejare que el
Inmueble Hipotecado fuere embargado por otro
acreedor y dicho embargo no fuere levantado dentro
de un período de treinta (30) días. -------------
----- E) Si el Deudor Hipotecante incumpliese
cualquier obligación garantizada con hipoteca
sobre el Inmueble Hipotecado con rango superior a
la hipoteca aquí constituida y por razón de tal
incumplimiento el acreedor garantizado por dicha
hipoteca pueda proceder a ejecutar la misma. ----
----- F) Si la hipoteca constituida mediante la
presente escritura no fuese inscrita en el Regis-
tro de la Propiedad correspondiente o si fuese
inscrita con rango inferior a aquél que se expresa
en el **Hecho Decimocuarto** de esta escritura. ------
--- SEXTO: En el caso de que sobre el Pagaré se
constituya un gravamen mobiliario o en otra forma
sea gravado como garantía colateral para el pago
de cualquier otro pagaré u obligación del Deudor
Hipotecante o de cualquier otra persona, natural o
jurídica, el Deudor Hipotecante por la presente



conviene en que el Acreedor Hipotecario podrá ejecutar esta hipoteca y podrá valerse de todos los otros derechos, remedios, poderes o privilegios que se disponen en esta escritura o que existan o puedan existir en el futuro en derecho, en equidad, por ley, o en otra forma, sin que sea necesario que el Acreedor Hipotecario en primer término ejecutare el gravamen mobiliario u otro gravamen que fuese así constituido sobre el Pagaré, con la misma amplitud y con la misma fuerza y efecto como si el Pagaré hubiese sido cedido o entregado directamente al Acreedor Hipotecario, en lugar de haber sido cedido o entregado en garantía colateral; disponiéndose, sin embargo, que nada de lo contenido en este párrafo se interpretará como un relevo para el Deudor Hipotecante de las obligaciones de cumplir con las disposiciones del documento constitutivo del gravamen mobiliario u otro instrumento bajo el cual el Pagaré quede gravado. --------------------
--- SEPTIMO: En cumplimiento de las disposiciones pertinentes de la vigente Ley Hipotecaria y del Registro de la Propiedad para el caso de ejecución de la hipoteca constituida mediante esta escritura, se tasa el Inmueble Hipotecado en la cantidad principal original del Pagaré. --------------
--- OCTAVO: Los anticipos que quedarán garantizados por esta hipoteca hasta el límite señalado en el **Hecho Tercero** de esta escritura, en caso de ser éstos satisfechos por el Acreedor Hipotecario, son los siguientes: ---------------------------------
----- (a) Contribuciones y cargas que pesen, o en el futuro se impongan sobre el Inmueble Hipotecado. ---------------------------------------
----- (b) Adelantos hechos para conservar el Inmueble Hipotecado en el mejor estado de conservación y reparación. ----------------------------



----- (c) Las primas de aquellos seguros que el Deudor Hipotecante venga obligado a obtener de conformidad con los términos de esta escritura. --

----- (d) Cualquier otro anticipo que el Acreedor Hipotecario pueda a su sólo juicio efectuar a los fines de proteger la eficacia del gravamen hipotecario constituido sobre el Inmueble Hipotecado. -

--- NOVENO: Es condición de la hipoteca constituida mediante esta escritura que todo sucesor en título o interés del Deudor Hipotecante respecto a la totalidad o cualquier parte del Inmueble Hipotecado, asumirá, mancomunada y solidariamente con el Deudor Hipotecante aquí compareciente, la obligación real de la hipoteca aquí constituida, y la obligación personal evidenciada por el Pagaré en la misma forma, manera y extensión que si se tratase de uno de los otorgantes de esta escritura. Esta disposición deberá considerarse como parte de la consideración del traspaso y/o cesión de cualquier título o interés en el Inmueble Hipotecado. --------------------------

--- DECIMO: La transcripción literal del Pagaré es la siguiente: ----------------------------------

-------------------- " PAGARE ----------------------

--- VALOR:          $23,000.00 --------------------

--- VENCIMIENTO:    A LA PRESENTACION ------------

--- POR VALOR RECIBIDO, a su vencimiento, pagaré(mos) solidariamente a la orden de(l) Portador, la suma principal de VEINTITRES MIL DOLARES ($23,000.00) con intereses sobre el balance a razón del doce por ciento (12%) anual desde la fecha de este Pagaré hasta su total y completo pago. Los intereses sobre esta obligación se pagarán por mensualidades vencidas debiendo efectuarse el pago de intereses y de principal en el domicilio del tenedor de ese Pagaré. ---------

--- Me(nos) obligo(obligamos) igualmente a pagar las costas y honorarios de abogado de que se valga el tenedor de este Pagaré en caso de cobro por la vía judicial, fijando con tal fin como suma líquida la cantidad equivalente al diez por ciento



(10%) del principal de este Pagaré, cuya suma será exigible por el sólo hecho de la radicación o fuere sometido a cualquier procedimiento provisto por el Código de Quiebras Federal. --------------
--- Se renuncia por la presente a los derechos de presentación, protesto, demanda y aviso. --------
--- El pago de la obligación evidenciada por este Pagaré está garantizada por hipoteca constituida según escritura Número -69- otorgada el día -2- de julio de 2009 ante el(la) Notario Ernesto A. Meléndez Pérez. -----------------------------------
--- En San Juan, Puerto Rico, a -2- de julio de 2009. -------------------------------------------
--- (Fdo): HECTOR MONTERO ENCARNACION ----------
--- Afidávit Número: 40514 --------------------
--- Reconocido y suscrito ante mí en San Juan, Puerto Rico, hoy día -2- de julio de 2009 por el arriba firmante, a quien doy fe de conocer personalmente y quien es: mayor de edad, soltero, propietario y vecino de Loíza, Puerto Rico. ------
--- (Fdo): ERNESTO A. MELENDEZ PEREZ ----------
---------------- NOTARIO PUBLICO" ----------------
--- UNDECIMO: La hipoteca constituida mediante la presente escritura favorece al presente o futuro Acreedor Hipotecario, el que tendrá el beneficio de todas las condiciones y disposiciones de esta escritura, y podrá valerse de las mismas, inclu-yendo, sin que ésto se interprete como una limita-ción, las disposiciones de esta escritura referen-tes al vencimiento anticipado de la obligación evidenciada por el Pagaré. ---------------------
--- DUODECIMO: Todos los gastos y honorarios a que diere lugar al otorgamiento de la presente escritura y de su inscripción en el Registro de la Propiedad serán por cuenta del Deudor Hipote-cante. ------------------------------------------
--- DECIMOTERCERO: El(los) **DEUDOR HIPOTECANTE** es(son) Don **HECTOR MONTERO ENCARNACION**, quien es mayor de edad, soltero, propietario y vecino de Loíza, Puerto Rico. ------------------------------
--- DECIMOCUARTO: El Deudor Hipotecante garantiza



que la hipoteca constituida mediante la presente escritura es susceptible de inscripción en el Registro de la Propiedad correspondiente con rango de Segunda Hipoteca sobre el inmueble Hipotecado, cuya descripción es la siguiente: ---------------

--- URBANA: Predio de terreno localizado en el Barrio Torrecilla Baja, Sector Piñones del término municipal de Loíza, Puerto Rico, con una cabida de CERO PUNTO DOS MIL CIENTO TRES (0.2103) CUERDAS, equivalentes a OCHOCIENTOS VEINTISEIS PUNTO SEIS MIL SESENTA Y DOS (826.6062) METROS CUADRADOS. En lindes por el NORTE, con parcelas "A" y "B", pertenecientes a Rafael Quiñones Bulerín; por el SUR, con Carretera Estatal Número Ciento Ochenta y Siete (187); por el ESTE, con terrenos pertenecientes a la familia Nieves Ayala y por el OESTE, con terrenos pertenecientes a Pablo Gelabert. -------------------------------------

--- Ubica sobre el antes descrito inmueble una estructura en hormigón de una planta dedicada a colmado y a salón de belleza. --------------------

--- Inscrito al folio Doscientos Cuarenta y Uno (241) del tomo Ciento Veinticuatro (124) de Loíza, Sección Tercera de Carolina, finca número Nueve Mil Ciento Seis (9,106). ------------------------
-------------------- ACEPTACION --------------------
--- Tal es la escritura que acepta(n) el(los) compareciente(s), ratificándola en todas sus partes, por hallarla conforme a sus instrucciones, procediendo, yo, el(la) Notario, a hacerle(s) las advertencias legales pertinentes. ----------------
--- **DOY FE**, de conocer personalmente al (a los) compareciente(s) y por sus dichos de su edad, estado civil, profesión y vecindad, y me asegura(n) tener, y a mi juicio tiene(n) la capacidad legal necesaria para este otorgamiento. --- Así lo dice(n) y otorga(n) ante mí el(la)(los) compareciente(s), quien(es) luego de haber leído la presente escritura, manifiesta(n) quedar bien enterado(s) de su contenido y se ratifica(n) en el



mismo, procediendo entonces a estampar sus firmas al final del documento y sus iniciales en todos y cada uno de los folios. ------------------------- --- **DE TODO LO CUAL**, y de lo demás que aseguro o refiero en este instrumento público, yo, el(la) Notario, **DOY FE**, y firmo, signo, sello y rubrico.



-------------- NUMERO SESENTA Y OCHO --------------

---------- COMPRAVENTA ASUMIENDO HIPOTECA --------

--- En la ciudad de San Juan, Estado Libre Asociado de Puerto Rico, a **los dos (2)** --------- día(s) del mes de julio del año dos mil nueve (2009). --------------------------------------------

--------------------- ANTE MI --------------------

--- **ERNESTO A. MELENDEZ PEREZ,** Abogado(a) y Notario Público de esta Isla, con residencia y vecindad en Dorado, Puerto Rico y estudio abierto en San Juan, Puerto Rico. -----------------------

--------------------- COMPARECEN --------------------

--- DE UNA PARTE: Don **MIGUEL ANGEL RIVERA ROSARIO,** mayor de edad, soltero, propietario y vecino de San Juan, Puerto Rico, (en adelante denominado **"la Parte Vendedora").** -----------------------------

--- DE OTRA PARTE: Don **HECTOR MONTERO ENCARNACION,** quien es mayor de edad, soltero, propietario y vecino de Loíza, Puerto Rico, (en adelante denominado **"la Parte Compradora").** -----

--- Y DE LA TERCERA PARTE: Doña **CECILIA TOLEDO PUELLO,** mayor de edad, soltera, propietaria y vecina de Loíza, Puerto Rico. --------------------

--- **DOY FE,** de conocer personalmente a los comparecientes y por sus dichos de su edad, estado civil, profesión y vecindad, y me asegura(n) tener, y a mi juicio tiene(n) la capacidad legal necesaria para este otorgamiento. ----------------

--------------------- EXPONEN --------------------

--- PRIMERO: La Parte Vendedora es dueña y tiene la posesión quieta y pacífica del inmueble (en



adelante el "Inmueble") que tiene la siguiente descripción: ---------------------------------------

--- URBANA: Predio de terreno localizado en el Barrio Torrecilla Baja, Sector Piñones del término municipal de Loíza, Puerto Rico, con una cabida de CERO PUNTO DOS MIL CIENTO TRES (0.2103) CUERDAS, equivalentes a OCHOCIENTOS VEINTISEIS PUNTO SEIS MIL SESENTA Y DOS (826.6062) METROS CUADRADOS. En lindes por el NORTE, con parcelas "A" y "B", pertenecientes a Rafael Quiñones Bulerín; por el SUR, con Carretera Estatal Número Ciento Ochenta y Siete (187); por el ESTE, con terrenos pertenecientes a la familia Nieves Ayala y por el OESTE, con terrenos pertenecientes a Pablo Gelabert. ---------------------------------------

--- Ubica sobre el antes descrito inmueble una estructura en hormigón de una planta dedicada a colmado y a salón de belleza. -------------------

--- Inscrito al folio Doscientos Cuarenta y Uno (241) del tomo Ciento Veinticuatro (124) de Loíza, Sección Tercera de Carolina, finca número Nueve Mil Ciento Seis (9,106). --------------------------

--------------- TITULOS Y CARGAS ----------------

--- Adquirió la Parte Vendedora el Inmueble conforme a la escritura número Cinco (5), otorgada el diecinueve (19) de febrero del año dos mil cinco (2005) ante el(la) Notario Vanessa Alvarado Gotay. -----------------------------------------

--- Por su procedencia el Inmueble no consta afecto a carga o gravamen alguno y, de por sí, afecto a hipoteca por la suma de Doscientos Cuarenta y Cinco Mil Dólares ($245,000.00) en garantía del pago de un pagaré a la orden del Portador, constituida mediante la escritura número Cincuenta y Cinco (55), otorgada el diecinueve (19) de febrero de dos mil cinco (2005) ante el Notario Ernesto L. Polo Meléndez. ----------------

--- La Parte Vendedora representa a la Parte Compradora desconocer que el Inmueble, el terreno y/o la estructura que sobre el mismo pueda existir, adolezca de contaminación o de algún otro vicio de naturaleza ambiental. -------------------



--- SEGUNDO: Manifiestan los comparecientes que tienen convenida la compraventa del Inmueble y la llevan a cabo mediante las siguientes: -----------

----------- CLAUSULAS Y CONDICIONES -------------

----- Primera: La Parte Vendedora por la presente **VENDE, CEDE Y TRASPASA** a la Parte Compradora, y ésta compra, el Inmueble, con todos sus usos, pertenencias, accesiones y todo lo que le sea anejo y le pertenezca, quedando obligada la Parte Vendedora al saneamiento en caso de evicción y demás con arreglo a la Ley. ---------------------

----- Segunda: Se verifica esta compraventa por el convenido y ajustado precio de **DOSCIENTOS SESENTA Y OCHO MIL DOLARES** ($268,000.00), de cual precio confiesa la Parte Vendedora haber recibido de la Parte Compradora con anterioridad a, y en esta misma fecha, la suma de **VEINTITRES MIL DOLARES ($23,000.00)**, a su entera satisfacción y contento y por cuya prestación la Parte Vendedora otorga a la Parte Compradora su más formal y eficaz carta de pago. ------------

----- El balance del precio de compraventa, o sea, la suma de **DOSCIENTOS CUARENTA Y CINCO MIL DOLARES ($245,000.00)** lo retiene la Parte Compradora para satisfacer la hipoteca antes relacionada que grava el Inmueble, asumiendo expresamente la Parte Compradora el pago de dicha hipoteca, los términos y condiciones de la misma los que reconoce conocer dicha Parte Compradora, relevando y exonerando dicha Parte Compradora a la Parte Vendedora de toda responsabilidad en relación con dicha hipoteca. -------------------------------------

----- Tercera: La Parte Compradora entra en posesión del Inmueble sin otro acto que el presente otorgamiento. -------------------------



----- Cuarta: Si apareciere cualquier otro gravamen sobre el Inmueble que no fuere de los relacionados en esta escritura, la Parte Vendedora se obliga a liberar el Inmueble de dicho gravamen, pagando las cantidades que fueren necesarias para la cancelación total del gravamen o gravámenes de que se tratare. ----------------------------------

----- Quinta: Pactan las partes que las contribuciones territoriales sobre el Inmueble correspondientes a años fiscales anteriores al corriente serán por cuenta y cargo de la Parte Vendedora y aquellas contribuciones correspondientes al año fiscal vigente serán prorrateadas entre las partes de acuerdo al tiempo en que cada una ha sido titular del Inmueble durante el mismo. Aquellas contribuciones correspondientes a años fiscales posteriores al corriente serán por cuenta y cargo de la Parte Compradora. --------------------------

----- Sexta: Los comparecientes representan y garantizan el uno al otro que otorgarán cualquier documentación adicional requerida o solicitada por el Registrador de la Propiedad para inscribir esta escritura en dicho Registro conforme a los términos y condiciones de la misma. --------------

----- Séptima: Los comparecientes acuerdan que los honorarios notariales por concepto del otorgamiento de esta escritura así como el costo de los sellos de Rentas Internas a cancelar su original serán por cuenta y cargo de la Parte Vendedora y que serán por cuenta y cargo de la Parte Compradora los sellos de Rentas Internas a cancelar la primera copia certificada de esta escritura y todos los derechos de inscripción de la misma en el correspondiente Registro de la Propiedad. ----------------------------------------



----- Octava: La señora Cecilia Toledo Puello comparece a, y otorga la presente escritura a los únicos fines de consignar su conocimiento de la operación de compraventa que por la misma se efectúa y dejar constancia escrita de que el Inmueble lo adquiere la Parte Compradora sin haber ella efectuado aportación alguna económica, de esfuerzo, labor y trabajo para dicha adquisición con motivo de la relación afectiva e íntima que existió entre ella y la Parte Compradora. Por consiguiente, reconoce la antedicha señora Cecilia Toledo Puello el carácter estrictamente privativo del Inmueble a favor de la Parte Compradora negando ella específicamente constituya el Inmueble un bien adquirido en común por ella y la Parte Compradora. ------------------------------

------------------ ADVERTENCIAS ------------------
--- El(La) Fedatario advierte a las partes otorgantes lo siguiente: ------------------------
----- (a) Que no ha revisado personalmente los libros del Registro de la Propiedad a fin de determinar la existencia de cargas o gravámenes sobre el Inmueble y/o condiciones restrictivas que pudiesen limitar el uso del Inmueble; ------------
----- (b) El estudio de título utilizado para la preparación de esta escritura fue preparado por una entidad independiente por lo que no asume responsabilidad alguna con relación a la exactitud, corrección o integridad de dicho estudio de título; ------------------------------
----- (c) La posibilidad de que otros documentos que afecten los derechos por la presente adquiridos y/o creados hayan sido presentados para inscripción con anterioridad al otorgamiento y/o a la presentación para su inscripción de una copia



certificada de esta escritura en el Registro de la Propiedad y de la preferencia o superioridad que dichas cargas, gravámenes y/o derechos puedan obtener por razón del previo otorgamiento o presentación; ------------------------------------
----- (d) La conveniencia de obtener del Centro de Recaudación de Ingresos Municipales (CRIM), una Certificación de Deuda por concepto de contribuciones territoriales adeudadas por el Inmueble; ------------------------------------------
----- (e) La posibilidad de la existencia o pendencia adicional de gravámenes estatutarios y gravámenes por razón de contribuciones territoriales adeudadas por o que puedan imponerse sobre el Inmueble, no empece lo que refleje la Certificación de Deuda emitida por el Centro de Recaudación de Ingresos Municipales a esos efectos; --------------------------------------
----- (f) Que el Fedatario presentará ante el Centro de Recaudación de Ingresos Municipales la solicitud de cambio de dueño y/u obtención de la exoneración contributiva, y que compete a la Parte Compradora la responsabilidad de gestionar el logro de la misma; ------------------------------
----- (g) De encontrarse en una zona inundable el Inmueble, cualquier titular u ocupante presente o futuro del mismo, queda obligado por ley a observar y cumplir con los requerimientos y disposiciones del Reglamento sobre Zonas Suscepti-bles de Inundación, bajo apercibimiento de que incumplir con los mismos resultaría en un acto ilegal, a tenor con las disposiciones de la Sección Tres (3) de la Ley Once (11) de marzo de mil novecientos ochenta y ocho (1988) sobre Zonas Inundables, Veintitres Leyes de Puerto Rico



Anotadas (23 L.P.R.A.), Sección Doscientos Veinticinco "g" (§ 225 (g)). Las partes otorgantes aquí comparecientes reconocen estar plenamente advertidas sobre este requisito y se obligan a su fiel cumplimiento en caso de que les sea de aplicación el mismo; ---------------------------- ----- (h) Se le advierte a las partes, en especial a la Parte Compradora, que de la vivienda que enclava en el solar objeto de esta compraventa haber sido construida con anterioridad al año mil novecientos setenta y ocho (1978), si alguna enclavase, le es de aplicación la Ley Federal para la Reducción de los Riesgos Provocados por la Pintura a Base de Plomo, Cuarenta y Dos (42) U.S.C. Sección Cuatro Mil Ochocientos Cincuenta y Uno (4,851) y siguientes. Dicha ley y su reglamento imponen a la Parte Vendedora y a su agente o corredor de bienes raíces, de haberlo, y antes de que la Parte Compradora quede obligada bajo un contrato, la obligación de divulgar su conocimiento sobre la presencia de pintura a base de plomo o de cualquier peligro conocido en la propiedad asociado con ésta; proveer cualquier informe o evaluación sobre plomo que tuviera disponible; proveer tiempo para que la Parte Compradora inspeccione la propiedad para determinar la existencia o no existencia de pintura de plomo o renunciar al mismo; proveer un folleto informativo preparado por la Agencia para la Protección Ambiental (Environmental Protection Agency). Es requisito que la Parte Compradora con la Parte Vendedora y el agente o corredor de bienes raíces, de haberlo, completen un documento con sus firmas confirmando el cumplimiento de los requisitos de la citada ley federal. Copia de



8.

dicho documento deberá ser conservado por la Parte Vendedora y su agente por un período de tres (3) años. Se advierte además, que el no cumplir con los requisitos de dicha ley expone a la Parte Vendedora y a su agente a responder civilmente por daños que pueda resultar. Conociendo el contenido de esta advertencia, ambas partes se manifiestan conformes y continúan con la presente compraventa eximiendo al Notario Autorizante de responsabilidad en lo relacionado con el requisito de divulgación sobre pintura de plomo; --------------

-------------------- ACEPTACION --------------------
--- Los comparecientes aceptan esta escritura en la forma redactada, por hallarla conforme a lo convenido. -----------------------------------------
--- **LEIDA** esta escritura por los otorgantes, de cuyo derecho yo, el(la) Notario, les advertí, se ratifican en su contenido y la firman junto conmigo, poniendo además sus iniciales en todos los folios de la misma. -------------------------
--- **DE TODO LO CUAL**, así como de todo cuanto se consigna o relata en este instrumento público, yo, el(la) Notario, **DOY FE**. -------------------------

